The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIAH MEADE, on her own behalf and on behalf of others similarly situation,

Plaintiff,

v.

PROFUSION COSMETICS CORP.,

Defendant.

No. 3:26-cv-5498

**DEFENDANT PROFUSION COSMETICS CORP.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**NOTED ON MOTION CALENDAR:
June 18, 2026**

DEFENDANT PROFUSION COSMETICS
CORP.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

**TABLE OF CONTENTS**

I.    INTRODUCTION AND RELIEF REQUESTED.............................................................. 1

II.   STATEMENT OF FACTS ............................................................................................. 2

     A.    Factual History...................................................................................................2

     B.    Procedural History. ...........................................................................................3

III.  ARGUMENT ................................................................................................................. 3

     A.    The Complaint's CEMA Claim is Barred by a Two-Year Statute of
          Limitations. ........................................................................................................3

     B.    Because the Complaint's CPA Claim is Entirely Derivative of CEMA, it is
          Barred by the Same, Two-Year Statute of Limitations............................................5

IV.   CONCLUSION............................................................................................................... 6

DEFENDANT PROFUSION COSMETICS
CORP.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*G.W. Const. Corp. v. Pro. Serv. Indus., Inc.*,
  70 Wn. App. 360, 853 P.2d 484 (1993) ...................................................................................5

*Gordon v. BAC Home Loans Servicing, LP*,
  2011 WL 13228393 (E.D. Wash. Feb. 11, 2011) ...........................................................1, 4, 5, 6

*Gordon v. BAC Home Loans Servicing, LP*,
  2011 WL 1565363 (E.D. Wash. Apr. 25, 2011) ...............................................................1, 4, 6

*Gordon v. BAC Home Loans Servicing, LP*,
  465 F. App'x 731 (9th Cir. 2012) ...................................................................................2, 5, 6

*Matter of Heck*,
  14 Wn. App. 2d 335, 341, 470 P.3d 539 (2020) ............................................................4

*Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*,
  733 F.3d 1251 (9th Cir. 2013) .......................................................................................3

*Thompson v. Wilson*,
  142 Wn. App. 803, 175 P.3d 1149 (2008) ......................................................................4

*Matter of Thompson*,
  28 Wn. App. 2d 1068 (2023) ..........................................................................................4

*Unisys Corp. v. Senn*,
  99 Wn. App. 391, 994 P.2d 244 (2000) .........................................................................4

**Statutes**

Commercial Electronic Mail Act, RCW 19.190.010 *et seq*. ...........................................................1

Consumer Protection Act, RCW 19.86.010 *et seq*......................................................................1, 4

RCW 4.16.005 ....................................................................................................................4

RCW 4.16.130 ........................................................................................................... *passim*

RCW 19.86.120 ................................................................................................................3, 5

RCW 19.190.020 .................................................................................................................1

RCW ch. 4.16 ....................................................................................................................4

DEFENDANT PROFUSION COSMETICS
CORP.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

## I.  <u>INTRODUCTION AND RELIEF REQUESTED</u>

Plaintiff Mariah Meade's ("Plaintiff") Complaint against Defendant Profusion Cosmetics Corp. ("Defendant" or "Profusion Cosmetics") is squarely time-barred by the two-year statute of limitations governing her claims under the Commercial Electronic Mail Act ("CEMA"), RCW 19.190.010 *et seq.*, and the Consumer Protection Act ("CPA"), RCW 19.86.010 *et seq.* In her Complaint, Plaintiff alleges that Profusion Cosmetics violated CEMA and the CPA by sending four emails that mentioned the last day of a sale before deciding that it would be "[e]xtended by popular demand." Compl. ¶ 50.

Plaintiff argues that this extension made the original emails "false and misleading" under RCW 19.190.020(1)(b) and that Profusion Cosmetics therefore owes statutory damages to every Washington resident who received those four emails. The Complaint asks the Court to award every Washington recipient $500 for each challenged email, along with treble damages under the CPA, for a total of $6,000 in statutory damages per class member. Plaintiff seeks this windfall regardless of whether she or the other class members read the challenged emails, saw them, or even knew they arrived. Under Plaintiff's theory, class members could recover even if the relevant emails were automatically routed to a junk folder and deleted, never seen by human eyes.

Setting aside the absurdity of that theory, Plaintiff's claims are squarely time-barred by the statute of limitations for her CEMA and CPA claims. In *Gordon v. BAC Home Loans Servicing*, the Court explained that because CEMA does not include its own statute of limitations, the statute is subject to Washington's two-year, catch-all limitation period in RCW 4.16.130. 2011 WL 13228393, at *1 (E.D. Wash. Feb. 11, 2011) ("*Gordon I*"). The Court also held that when a CPA claim is based on an untimely CEMA claim, they are both time-barred as a matter of law. *Id.* at *2. The Court reinforced those conclusions in a second decision in the same case. *Gordon v. BAC Home Loans Servicing, LP*, 2011 WL 1565363, at *2 (E.D. Wash. Apr. 25, 2011) ("*Gordon II*"). The Ninth Circuit then affirmed both those decisions and agreed that a "claim under the Washington Commercial Electronic Mail Act" is subject to "the two-year catchall limitations

DEFENDANT PROFUSION COSMETICS
CORP.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 1
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

period" in RCW 4.16.130. *Gordon v. BAC Home Loans Servicing, LP*, 465 F. App'x 731 (9th Cir. 2012) ("*Gordon III*").

Plaintiff cannot avoid the impact of the Ninth Circuit's binding precedent. Her CEMA and CPA claims are based on four emails sent on December 24 & 26, 2023. Her claims therefore expired, at the very latest, by December 26, 2025. But Plaintiff waited more than three months after that deadline before filing suit, meaning that her claims are time-barred as a matter of law. Because no amendment could alter the statute of limitations' impact on her claims, the Court should dismiss the Complaint with prejudice and without leave to amend.

## II.   STATEMENT OF FACTS

### A.   Factual History.

The Complaint alleges that Profusion Cosmetics "sends spam emails to consumers" as "part of a calculated marketing strategy that Defendant orchestrates in advance to maximize sales by distorting factual information about the duration and availability of its promotions." Compl. ¶ 41. Plaintiff claims that Profusion Cosmetics' email advertisements describe its sales as a "scarce or time-limited opportunity," and then "once the originally advertised 'deadline' has passed, Defendant knowingly extends the promotion to a new end date." *Id.* ¶ 43.

The Complaint's allegations rest on a single promotional campaign consisting of four emails sent in December of 2023. The Complaint alleges that on December 24, 2023, Profusion Cosmetics sent Plaintiff two identical emails with the subject line: "35% Off Sitewide - Sales end on 12/26 11:59 PM PST!" *Id.* ¶¶ 45–46 & 65. According to the Complaint, on December 26, 2023, Profusion Cosmetics then sent Plaintiff two additional emails, both with the subject line: "LAST DAY! 35% Off Sitewide - Sales end on 12/26 11:59 PM PST!" *Id.* ¶¶ 47–48 & 65. Plaintiff's sole basis for alleging these subject lines were "false or misleading" is that Profusion Cosmetics sent a fifth email on December 27, 2023, with the subject line: "Extended by popular demand: Save 35% on EVERYTHING!" *Id.* ¶ 50.

Plaintiff contends that this December 27, 2023, email supposedly "confirmed that Defendant had used a false deadline in connection with the sitewide sale." *Id.* However, the text

DEFENDANT PROFUSION COSMETICS
CORP.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 2
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

itself contradicts Plaintiff's theory, explaining that Profusion Cosmetics' sale was "Extended by popular demand"—not as part of any preconceived scheme. The Complaint does not allege when Profusion Cosmetics decided to extend the promotion or whether the new promotion continued the same terms as the original sale. Likewise, the Complaint does not allege that Plaintiff actually read any of the relevant emails, purchased any products, or suffered any kind of financial harm.

### B. Procedural History.

More than two years after receiving the relevant emails, on April 15, 2026, Plaintiff filed her Complaint. It asserts two claims for relief alleging that Profusion Cosmetics violated CEMA (Count I) and the CPA (Count II). Compl. ¶¶ 79-95. In Count I, the Complaint alleges that Profusion Cosmetics violated CEMA provision RCW 19.19.020(1)(b) by sending an email with "false or misleading information in the subject line" to Washington residents. *Id*. ¶¶ 79-85. In Count II, the Complaint alleges that this CEMA violation is also "a *per se* violation of the CPA" and that "[a] violation of CEMA establishes all the elements necessary to bring a private action under the CPA." *Id*. ¶¶ 86-95.

On May 14, 2026, Profusion Cosmetics removed Plaintiff's litigation to this Court.

## III. <u>ARGUMENT</u>

Because Plaintiff's claims are time-barred, the Complaint does not state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). "A statute-of-limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quotation omitted). Plaintiff's own allegations confirm that her claims are both untimely, so the Court should dismiss the Complaint, with prejudice, as a matter of law.

### A. The Complaint's CEMA Claim is Barred by a Two-Year Statute of Limitations.

Plaintiff's CEMA claim is barred by a two-year statute of limitations that expired more than three months before she filed suit. Because "CEMA does not contain a statute of limitations" of its own, CEMA claims are subject to the "two year 'catch-all' statute of limitations provided

DEFENDANT PROFUSION COSMETICS
CORP.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 3
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

for in RCW 4.16.130." *Gordon I*, 2011 WL 13228393, at *1 (holding CEMA claims are subject to the two-year statute of limitations in RCW 4.16.130).

In Washington, all claims are subject to one of the State's statutes of limitations, which are located primarily in RCW ch. 4.16. That chapter, titled "Limitations of Actions," begins: "Except as otherwise provided in this chapter, and except when in special cases a different limitation is prescribed by a statute not contained in this chapter, actions can only be commenced within the periods provided in this chapter after the cause of action has accrued." RCW 4.16.005. None of the specific statutes of limitations within that chapter apply to CEMA, and nor does CEMA include a statute of limitations within its own text, RCW 19.86.010 *et seq*. CEMA claims are therefore subject to a catch-all section stating: "An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued." RCW 4.16.130.

This catch-all provision is "meant to capture civil actions not addressed by other statutes" in order to ensure that every claim has a filing deadline. *Matter of Heck*, 14 Wn. App. 2d 335, 341, 470 P.3d 539 (2020). In addition to CEMA, courts have applied Washington's catch-all provision in RCW 4.16.130 to a wide variety of other statutory claims, involving legislation as diverse as the Life and Disability Insurance Guarantee Act, *Unisys Corp. v. Senn*, 99 Wn. App. 391, 397, 994 P.2d 244 (2000), Washington's statute regarding civil liability for county coroners, *Thompson v. Wilson*, 142 Wn. App. 803, 811, 175 P.3d 1149 (2008), and the procedures for review of government action. *Matter of Thompson*, 28 Wn. App. 2d 1068 (2023).

In the same manner, *Gordon I, II,* and *III* confirm that CEMA claims are squarely subject to the two-year statute of limitations in RCW 4.16.130. In *Gordon I*, the District Court rejected the plaintiff's argument that CEMA claims should be subject to the three-year statute of limitations for common-law fraud, explaining that "CEMA is not the same as a generic fraud claim." 2011 WL 13228393, at *1. Instead, the Court recognized that CEMA does not fall within any other statute of limitations and is therefore subject to the catch-all provision in RCW 4.16.130. *Id*.

Later in the same case, the District Court issued a second decision confirming that a "CEMA claim is time-barred" after two years. *Gordon II*, 2011 WL 1565363, at *2. The Ninth

DEFENDANT PROFUSION COSMETICS
CORP.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 4
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

Circuit then affirmed both these decisions, agreeing that the plaintiff's "claim under the Washington Commercial Electronic Mail Act was barred by the two-year catchall limitations period applicable to Washington state law claims that lack an enumerated limitations period." *Gordon III*, 465 F. App'x 731 (citing RCW 4.16.130).

Plaintiff cannot avoid the Ninth Circuit's holding that CEMA claims are subject to the two-year limitation period in RCW 4.16.130. *Id.* In this instance, Plaintiff alleges she received four prohibited emails between December 24 and 26, 2023. *See* Compl. ¶¶ 45–48, 65. Any claims accrued on the same dates and therefore expired, at the very latest, by December 26, 2025. Nonetheless, Plaintiff did not file her Complaint until April 15, 2026, more than three months after the statute of limitations expired. Nor could Plaintiff possibly identify any basis for tolling, since she alleges that just one day after the challenged statements, on December 27, 2023, Profusion Cosmetics revealed "that it had used a false deadline in connection with the sitewide sale." Compl. ¶ 50; *G.W. Const. Corp. v. Pro. Serv. Indus., Inc.*, 70 Wn. App. 360, 367, 853 P.2d 484 (1993) (even if the discovery rule applies, "[t]he burden is on the plaintiff to show that the facts constituting the tort were not discovered or could not have been discovered by due diligence" before the limitations period has run). Plaintiff did not file her CEMA claim within the two years required by RCW 4.16.130, so it should be dismissed.

**B.    Because the Complaint's CPA Claim is Entirely Derivative of CEMA, it is Barred by the Same, Two-Year Statute of Limitations.**

Because Plaintiff's CPA claim is entirely dependent on her untimely CEMA claim, it is also time-barred as a matter of law. The plaintiff in *Gordon* likewise asserted a CPA claim based on her CEMA theory, and the Court found these two claims were therefore subject to the same, two-year statute of limitations in RCW 4.16.130. *Gordon I*, 2011 WL 13228393, at *2 (holding that a derivative CPA claim is subject to the same catch-all limitations period as CEMA). The Court acknowledged that a standalone CPA claim would be subject to a four-year statute of limitations in RCW 19.86.120. *Id.* at *2 n.3. However, the Court held that when a "Plaintiff's [c]omplaint does not allege a CPA claim which is independent of his CEMA claim … the CPA

DEFENDANT PROFUSION COSMETICS
CORP.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 5
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

claim is also time-barred." *Id.* at *2. The Court explained: "[i]n order to proceed on a free-standing CPA claim, Plaintiff must allege actual harm to his business or property in order to recover actual damages for such harm." *Id.* However, when a CPA claim is based on CEMA, it is limited to "statutory damages under the CEMA which do not require a showing of actual harm, but only a violation of that statute." *Id.* Before granting dismissal with prejudice, the Court gave the plaintiff one opportunity to show whether it would be possible to file a valid amendment with a free-standing CPA claim. *Id.* However, the Court then confirmed it was impossible to assert a standalone CPA claim, since the plaintiff suffered no economic losses, and granted dismissal with prejudice. *Gordon II*, 2011 WL 1565363, at *3. On appeal, the Ninth Circuit confirmed that a CPA claim derived from CEMA lacks "the essential damage element of a claim under the Washington Consumer Protection" and that any remaining claim was time barred. *Gordon III*, 465 F. App'x 731. As such, when a CEMA claim is time-barred, a derivative CPA claim is untimely as well.

As in *Gordon*, the CPA claim in ***this*** case is entirely derivative of Plaintiff's CEMA theory. The Complaint does not assert a standalone CPA claim, instead alleging only that "[a] violation of CEMA is a per se violation of the CPA" and that "[a] violation of CEMA establishes all the elements necessary to bring a private action under the CPA." Compl. ¶¶ 88-89. Thus, the Complaint's CPA claim is derivative of its untimely CEMA claim and they are both time-barred under RCW 4.16.130. *Gordon I*, 2011 WL 1565363, *aff'd*, 465 F. App'x 731. Accordingly, Profusion Cosmetics is entitled to dismissal of Plaintiff's CEMA and CPA claims, with prejudice, as a matter of law.

## IV.    CONCLUSION

No amendment could change that Plaintiff's claims are time-barred, so the Court should dismiss her Complaint with prejudice.

Dated: May 21, 2026

**DLA PIPER LLP (US)**

By: *s/ David Freeburg*
David Freeburg, WSBA No. 48935
Danielle Igbokwe, WSBA No. 62714
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Telephone:        206.839.4800
E-mail:  *David.Freeburg@us.dlapiper.com*
E-mail: *Danielle.Igbokwe@us.dlapiper.com*

*Attorneys for Defendant Profusion Cosmetics Corp.*

*\* I certify that this memorandum contains 2,197 words, in compliance with the Local Civil Rules.*

DEFENDANT PROFUSION COSMETICS
CORP.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 7
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2026, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Samuel J. Strauss, WSBA No. #46971<br>Raina C. Borrelli<br>STRAUSS BORRELLI, LLP<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, IL 60611<br>E-mail: sam@straussborrelli.com<br>E-mail: raina@straussborrelli.com<br>Phone: (872) 263-1100<br>Facsimile: (872) 263-1109<br><br>*Attorneys for Plaintiff Mariah Meade* | ☐ Via Hand Delivery<br><br>☑ Via U.S. Mail<br><br>☑ Via E-mail<br><br>☑ Via the Court's<br>E-Service Device |
| Lynn A. Toops<br>Natalie A. Lyons<br>Ian R. Bensberg<br>**COHENMALAD, LLP**<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>E-mail: ltoops@cohenmalad.com<br>E-mail: nlyons@cohenmalad.com<br>E-mail: ibensberg@cohenmalad.com<br>Phone: (317) 636-6481<br><br>*Attorneys for Plaintiff Mariah Meade* | ☐ Via Hand Delivery<br><br>☑ Via U.S. Mail<br><br>☑ Via E-mail<br><br>☑ Via the Court's<br>E-Service Device |
| J. Gerard Stranch, IV<br>Michael C. Tackeff<br>Andrew K. Murray<br>**STRANCH, JENNINGS &<br>GARVEY, PLLC**<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN 37203<br>E-mail: gstranch@stranchlaw.com<br>E-mail: mtackeff@stranchlaw.com<br>E-mail: amurray@stranchlaw.com<br>Phone: (615) 254-8801<br><br>*Attorneys for Plaintiff Mariah Meade* | ☐ Via Hand Delivery<br><br>☑ Via U.S. Mail<br><br>☑ Via E-mail<br><br>☑ Via the Court's<br>E-Service Device |

Dated this 21st day of May, 2026.

*s/ Kiersten Houst*
Kiersten Houst, Legal Executive Assistant

DEFENDANT PROFUSION COSMETICS
CORP.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT - 8
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800