UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIAH MEADE, on her own behalf and on behalf of all others similarly situated, | Case No. 3:26-cv-05498-BHS |
| Plaintiff, | The Honorable Benjamin H. Settle |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT** |
| PROFUSION COSMETICS CORP., | |
| Defendant. | |

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

FACTUAL & PROCEDURAL BACKGROUND .......................................................................1

STANDARD OF REVIEW ..........................................................................................................3

ARGUMENT .................................................................................................................................3

    I.      CEMA's Statute of Limitations is Four Years—Not Two. ....................................3

    II.    Plaintiff's CPA claim survives with her CEMA claim. ..........................................6

CONCLUSION..............................................................................................................................6

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
Case No. 3:26-cv-05498-BHS

i

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADCI Corp. v. Nguyen*,
16 Wash. App. 2d 77, 479 P.3d 1175 (2021)................................................................................4

*Brown v. Old Navy, LLC*,
4 Wash. 3d 580 (2025)................................................................................1, 3

*Dawson v. Porch.com*,
2024 WL 4765159 (W.D. Wash. Nov. 13, 2024)................................................................5

*Gordon v. BAC Home Loans Servicing, LP*,
2011 WL 13228393 (E.D. Wash. Feb. 11, 2011)................................................................3, 5

*Gordon v. BAC Home Loans Servicing, LP*,
2011 WL 1565363 (E.D. Wash. Apr. 25, 2011)................................................................3

*Gordon v. Virtumundo, Inc.*,
465 F. App'x 731 (9th Cir. 2012)................................................................3

*Latimer v. AT&T Mobility LLC*,
605 F. Supp. 3d 1333 (W.D. Wash. 2022) ................................................................3, 4, 5

*Littlejohn v. Kaiser Fdn. Health Plan of Wash.*,
2024 WL 4451955 (W.D. Wash. Oct. 9, 2024)................................................................3

*Sams v. Yahoo! Inc.*,
713 F.3d 1175 (9th Cir. 2013)................................................................3

*Save Our Scenic Area v. Skamania Cnty.*,
183 Wash. 2d 455, 352 P.3d 177 (2015)................................................................4

*State v. Heckel*,
143 Wash. 2d 824 (2001) ................................................................3

*Victor v. U.S. Bank*,
2016 WL 792420 (E.D. Wash. Feb. 29, 2016) ................................................................5

*Westcott v. Wells Fargo Bank, N.A*,
862 F. Supp. 2d 1111 (W.D. Wash. 2012)................................................................5

*Wright v. Lyft, Inc.*,
189 Wash. 2d 718, 726, 406 P.3d 1149, 1152 (2017)................................................................3

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
Case No. 3:26-cv-05498-BHS

ii

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

**Statutes**

Wash. Rev. Code § 19.86.093...........................................................................................4

Wash. Rev. Code § 19.190.100.........................................................................................4

Wash. Rev. Code § 19.86.120...........................................................................................9

Wash. Rev. Code § 19.190.020......................................................................................1, 2

Wash. Rev. Code § 19.190.030......................................................................................1, 4

Wash. Rev. Code Ann. § 19.190.020(1)............................................................................2

**Rules**

Federal Rule of Civil Procedure 12(b)..............................................................................5

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
Case No. 3:26-cv-05498-BHS

iii

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

## INTRODUCTION

Defendant Profusion contends in its short motion to dismiss that the statute of limitations in this case is two years. Profusion is wrong—the statute of limitations is four years, for the reasons explained below. The remainder of Profusion's motion is simply invective setting forth Profusion's theory of the case and its displeasure at being held to account for sending deceptive commercial emails in violation of the law. Profusion's actual legal arguments can be dispensed with quickly—the applicable limitations period is four years, not two, making this request for relief timely.

## FACTUAL & PROCEDURAL BACKGROUND

Washington's Commercial Electronic Mail Act (CEMA) and Consumer Protection Act (CPA) prohibit commercial emails containing "false or misleading information in the subject line." RCW § 19.190.020(1)(b); *see id.* § 19.190.030(1)(b) (CEMA violations are CPA violations). Faced with this clear prohibition, recently affirmed in a decision from the Supreme Court of Washington, *see Brown v. Old Navy, LLC*, 4 Wash. 3d 580 (2025), Defendant Profusion Cosmetics Corp. ("Profusion") simply decided to ignore it. *See* Motion to Dismiss (Dkt. 14, "Mot.")

Profusion relentlessly spams consumers' inboxes with email subject lines laden with caps that herald the beginning, middle, and merciful end of promotions—*falsely.* "🎁 LAST DAY!" or "LAST CHANCE[,]" proclaimed Profusion of its promotional prices. Dkt. 1-1 ("Compl."), ¶¶ 42-54, Ex A. But it was neither the last day nor the last chance; the deal wouldn't expire that night. To the contrary, the price would be available to consumers as soon as the following day. *Id*. Feigned mistakes, false deadlines, urgent warnings. When deployed to deceive consumers, these tactics are known as false limited time messages, false time scarcity claims, or false urgency claims, Compl., at ¶¶ 29-38, and are a "common way online marketers manipulate consumer

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
Case No. 3:26-cv-05498-BHS

1

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

choice by inducing false beliefs." *Id.* at ¶ 29. Marketers use them because they *work*. *See id.* at ¶¶ 31-37. They cause consumers to narrow their purchasing decisions, leaving them worse off. *See id.* As deployed by Defendant, these tactics are straightforward violations of CEMA, and thus the CPA.

Not so, says Profusion. Defendant begins by asserting that the Complaint allegations "rest on a single promotional campaign consisting of four emails sent in December of 2023." Mot., 2. That is wrong: Plaintiff alleges that the emails she received are merely "*examples*" of Profusion's violation of her CEMA rights. Compl., ¶ 54 (emphasis added). The Complaint alleges that Profusion "is engaged in persistent marketing through mass email campaigns across the United States." Compl., ¶ 55. And as part of its mass email campaigns, it engages in a "*scheme* to compel consumers to purchase its products," through "send[ing] spam emails to consumers" with "urgent subject headings that do not reflect the true availability of the advertised deal[,]" and further, that the specifically pled emails are just "*examples*" of that "scheme." *Id.* at ¶¶ 39, 41, 42-44. Profusion's wholly factual contention that this is a "single" promotional campaign is not something this Court can rule on in a Motion to Dismiss.

The Court should not be persuaded by Profusion's attempt to reduce this case only to emails Plaintiff received. Nowhere in CEMA, Washington law on motions to dismiss, or Washington law on class actions does such a rule appear. Plaintiff has pled a marketing scheme and pattern of emails that constitute CEMA violations, and their receipt of certain—but not all—emails in that scheme is more than sufficient. Discovery may reveal that Profusion sent even more deceptive emails. Further, Plaintiff need only allege Defendant transmitted a single email with "false or misleading information in the subject line" to prove it violated CEMA, which does not refer to a campaign of marketing emails or a gaggle (or other fixed number) of emails sufficient to trigger liability, but explicitly uses the phrase "**a** commercial email." Wash. Rev. Code Ann. §

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
Case No. 3:26-cv-05498-BHS

2

19.190.020(1) (emphasis added).

## STANDARD OF REVIEW

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Littlejohn v. Kaiser Fdn. Health Plan of Wash*., 2024 WL 4451955, at \*3 (W.D. Wash. Oct. 9, 2024). The motion must be denied if the complaint states a claim that is "plausible on its face." *Id*. Where, as here, the defendant seeks Rule 12(b)(6) dismissal based on an affirmative defense, it must show that the "allegations in the complaint suffice to establish the defense" and the defense is "apparent from the face" of the complaint. *Sams v. Yahoo! Inc*., 713 F.3d 1175, 1179 (9th Cir. 2013) (quotations omitted).

## ARGUMENT

### I.      CEMA's Statute of Limitations is Four Years—Not Two.

Devoting substantial portions of its brief to the decisions in *Gordon I, II*, and *III*[1]—all decided well before *Latimer* (the real case on point)—Profusion overstates their precedential weight by arguing that Washington's "catch all" two-year limitations period applies here. Mot., 1-6. As this Court found in *Latimer*, which Profusion completely disregards, the CPA's four-year statute of limitations applies.

As made clear by the Supreme Court of Washington no fewer than three times: a violation of CEMA is also a *per se* violation of Washington's Consumer Protection Act. *See, e.g.*, *State v. Heckel*, 143 Wash. 2d 824, 828 (2001) (*en banc*) (CEMA violation is "per se violation of the Consumer Protection Act"); *Brown*, 4 Wash. 3d at 584 (same). As the court emphasized in *Wright*,

---

[1] *See Gordon v. BAC Home Loans Servicing, LP*, 2011 WL 13228393 (E.D. Wash. Feb. 11, 2011); *Gordon v. BAC Home Loans Servicing, LP*, 2011 WL 1565363 (E.D. Wash. Apr. 25, 2011); and *Gordon v. Virtumundo, Inc.*, 465 F. App'x 731, 732 (9th Cir. 2012).

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
Case No. 3:26-cv-05498-BHS

3

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

"the plain language" of the CPA "indicates it was the legislature's intent for CEMA violations to be brought under the CPA." 189 Wash. 2d at 726, 406 P. 3d 1149, 1152 (2017) RCW § 19.190.030(1) (CEMA violation "is a violation of the consumer protection act, chapter 19.86 RCW"). And the CPA authorizes private suits for conduct that "violates a statute that incorporates this chapter," RCW § 19.86.093, providing a four-year statute of limitations for any such action for damages. RCW § 19.86.120. This was the reasoned conclusion by this Court in *Latimer v. AT&T Mobility LLC*, 605 F. Supp. 3d 1333, 1340-41 (W.D. Wash. 2022) (Lin, J.). ("[T]he CPA expressly authorizes suits for unfair or deceptive practices where the claimant alleges a practice that 'violates a statute that incorporates' the CPA such as CEMA[.]'" (quoting RCW § 19.86.093)).

This reasoning makes practical sense. In CEMA, the Washington state legislature made a finding that "the practices covered by this chapter are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW." RCW § 19.190.100. The legislature made an express decision to link CEMA to the CPA, which itself has a four-year statute of limitations. RCW § 19.86.120. Since CEMA does not contain a statute of limitations, the Court must apply the longer of whichever statute of limitations may apply. *See ADCI Corp. v. Nguyen*, 16 Wash. App. 2d 77, 78, 479 P.3d 1175, 1176 (2021) ("Where, as here, multiple statutes of limitations may govern, the court must apply the longer."); *Save Our Scenic Area v. Skamania Cnty.*, 183 Wash. 2d 455, 466, 352 P.3d 177, 182 (2015) ("Typically, when a statute does not provide a limitation period, courts may apply an analogous appeal period from other sources of law and when there is more than one analogous appeal period, the longest period is applied."). It would be incongruous to apply a two-year statute of limitations to CEMA when a violation of CEMA is a *per se* CPA violation that carries a four-year statute of limitations. That makes no legal or logical sense, and is at odds with Washington law instructing courts to apply the longer of two potentially applicable periods.

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
Case No. 3:26-cv-05498-BHS

4

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

And that is precisely what this Court concluded in *Latimer*. The *Latimer* Court squarely addressed the reasoning in *Gordon I*, upon which Profusion almost exclusively relies, *see id.* at *3, noting that the *Gordon* court "provided no explanation or analysis for its conclusion" and finding, "[t]he Court is not convinced that a state court would reach these same conclusions since the CPA expressly authorizes suits for unfair or deceptive practices where the claimant alleges a practice that '[v]iolates a statute that incorporates' the CPA (RCW 19.86.093) **such as CEMA (RCW 19.190.100), and other courts have generally applied the CPA's four-year statute of limitations for claims under RCW 19.86.093**." *Latimer*, 605 F. Supp. 3d at 1340–41 (emphasis added). Other courts, as cited by *Latimer*, have reached this same conclusion. *See, e.g.*, *Westcott v. Wells Fargo Bank, N.A*, 862 F. Supp. 2d 1111, 1118 (W.D. Wash. 2012); *see also Dawson v. Porch.com*, 2024 WL 4765159, at *9–10 (W.D. Wash. Nov. 13, 2024) (CEMA damages claim "can be pursued only under the CPA, which has a four-year statute of limitations"; under that period, plaintiffs' allegations were timely); *cf. Victor v. U.S. Bank*, 2016 WL 792420, at *3 (E.D. Wash. Feb. 29, 2016) (where plaintiffs' claims "assert[ ] U.S. Bank engaged in unfair and deceptive business practices," they "sound of violations" of the CPA and were subject to four-year limitations period).

So, CEMA has a four-year statute of limitations, derived from its companion statute, the CPA, which carries a four-year statute of limitations. The pled emails, starting on December 24, 2023, are timely bases for requesting relief. Thus, Profusion's statute of limitations defense is without merit, Plaintiff's claims are not time-barred, and she has plainly stated a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. 1-1.

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
Case No. 3:26-cv-05498-BHS

5

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

**II.      Plaintiff's CPA claim survives with her CEMA claim.**

Profusion's only argument for dismissal of Plaintiff's CPA claims that it "is entirely dependent on her untimely CEMA claim [and] is also time-barred as a matter of law." Mot., 5. As Plaintiff's CEMA claims survive for the reasons given above, so too does her CPA claims.

## CONCLUSION

The Court should deny Profusion's motion to dismiss.

*[Counsel signatures to follow on next page.]*

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
Case No. 3:26-cv-05498-BHS

6

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

Date:    June 10, 2026

Respectfully submitted:

*/s/ Lynn A. Toops*
Lynn A. Toops, *pro hac vice*
Natalie A. Lyons*
Ian R. Bensberg*
Leslie D. Wine*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com
lwine@cohenmalad.com

*I certify that this memorandum contains 1,677 words in compliance with the Local Civil Rules.*

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Gerard J. Stranch, IV*
Michael C. Tackeff, *pro hac vice*
Andrew K. Murray*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Attorneys for Plaintiff*
**\*Applications for admission *pro hac vice* forthcoming**

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
Case No. 3:26-cv-05498-BHS

7

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

**CERTIFICATE OF SERVICE**

I, Lynn A. Toops, hereby certify that on June 10, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 10th day of June, 2026.

/s/ Lynn A. Toops
Lynn A. Toops (*pro hac vice*)
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com

PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS
Case No. 3:26-cv-05498-BHS

8

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com