The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIAH MEADE, on her own behalf and on behalf of others similarly situation,<br><br>                    Plaintiff,<br><br>     v.<br><br>PROFUSION COSMETICS CORP.,<br><br>                    Defendant. | No. 3:26-cv-5498<br><br>**DEFENDANT PROFUSION COSMETICS CORP.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**NOTED ON MOTION CALENDAR: June 18, 2026** |

DEFENDANT PROFUSION COSMETICS CORP.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

**TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................................................ 1

II.     ARGUMENT .................................................................................................................. 2

    A.      The Two-Year Limitations Period in RCW 4.16.130 Bars Plaintiff's
            CEMA Claim. ...............................................................................................................2

    B.      Plaintiff's Derivative CPA Claim is Equally Time-Barred. ...................................4

III.    CONCLUSION ............................................................................................................... 6

DEFENDANT PROFUSION COSMETICS
CORP.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT - *i*
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADCI Corp. v. Nguyen*,
16 Wn.App.2d 77, 479 P.3d 1175 (2021) ...................................................................................3

*Dawson v. Porch.com*,
2024 WL 4765159 (W.D. Wash. Nov. 13, 2024) .......................................................................6

*Fed. Election Comm'n v. Williams*,
104 F.3d 237 (9th Cir. 1996) .....................................................................................................4

*Gordon v. BAC Home Loans Servicing, LP*,
2011 WL 13228393 (E.D. Wash. Feb. 11, 2011) ..........................................................1, 2, 4, 5

*Gordon v. BAC Home Loans Servicing, LP*,
2011 WL 1565363 (E.D. Wash. Apr. 25, 2011) ..............................................................1, 2, 4

*Gordon v. BAC Home Loans Servicing, LP*,
465 F. App'x 731 (9th Cir. 2012) ....................................................................................1, 2, 4, 5

*Gordon v. Virtumundo*,
2006 WL 3873368 (W.D. Wash. Dec. 8, 2006), *aff'd*, 575 F.3d 1040 (9th Cir. 2009).............6

*Gragg v. Orange Cab Co.*,
145 F. Supp. 3d 1046 (W.D. Wash. 2015).................................................................................3

*Harbers v. Eddie Bauer, LLC*,
415 F. Supp. 3d 999 (W.D. Wash. 2019)...................................................................................3

*Latimer v. AT&T Mobility LLC*,
605 F. Supp. 3d 1333 (W.D. Wash. 2022).............................................................................1, 2

*Montes v. SPARC Grp. LLC*,
586 P.3d 999 (2026)....................................................................................................................5

*Quinstreet, Inc. v. Ferguson*,
2009 WL 168112 (W.D. Wash. Jan. 23, 2009)...........................................................................6

*Save Our Scenic Area v. Skamania Cnty.*,
183 Wn.2d 455, 352 P.3d 177 (2015)........................................................................................3

*Victor v. U.S. Bank*,
2016 WL 792420 (E.D. Wash. Feb. 29, 2016) ...........................................................................6

DEFENDANT PROFUSION COSMETICS
CORP.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT - *ii*
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

*Westcott v. Wells Fargo Bank, N.A.*,
862 F. Supp. 2d 1111 (W.D. Wash. 2012).......................................................................................6

*Wright v. Lyft, Inc.*,
189 Wn.2d 718, 406 P.3d 1149 (2017)............................................................................................3

**Statutes**

RCW 4.16.130 ..................................................................................................................1, 2, 3, 4

RCW 19.86.090 .........................................................................................................................3, 4, 5

RCW 19.86.120 ......................................................................................................................1, 3, 4, 5

RCW 19.190.040 ............................................................................................................................5

RCW 19.190.090 ..........................................................................................................................5, 6

DEFENDANT H&M FASHION USA, INC.'S
MOTION TO DISMISS AMENDED
COMPLAINT - *iii*
No. 2:25-cv-02382-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

## I.    **INTRODUCTION**

In the Motion to Dismiss, Defendant Profusion Cosmetics Corp. ("Profusion Cosmetics" or "Defendant") explained that Plaintiff Mariah Meade's ("Plaintiff") Complaint is squarely time-barred by a two-year statute of limitations. Plaintiff's Opposition does not distinguish the trio of well-reasoned decisions in *Gordon I*, *II*, and *III*, which held that CEMA claims and derivative CPA claims expire two years after an email is sent. *Gordon v. BAC Home Loans Servicing, LP*, 2011 WL 13228393, at *1 (E.D. Wash. Feb. 11, 2011) ("*Gordon I*"); 2011 WL 1565363, at *2 (E.D. Wash. Apr. 25, 2011) ("*Gordon II*"); 465 F. App'x 731 (9th Cir. 2012) ("*Gordon III*"). Plaintiff provides no basis to depart from these well-reasoned decisions, which recognized that CEMA is subject to the catch-all limitation period in RCW 4.16.130. Nor can Plaintiff avoid the Ninth Circuit's clear holding that a "claim under the Washington Commercial Electronic Mail Act" is subject to "the two-year catchall limitations period" in RCW 4.16.130. *Gordon III,* 465 F. App'x 731 (9th Cir. 2012). In fact, the Opposition devotes just one sentence to *Gordon I*, without addressing **anything** in *Gordon II* or *III*, which are directly on point.

Unable to distinguish these decisions, Plaintiff relies almost entirely on irrelevant dicta from *Latimer v. AT&T Mobility LLC*, 605 F. Supp. 3d 1333 (W.D. Wash. 2022), which did not decide anything at all about the correct statute of limitations for CEMA or derivative CPA claims. *Latimer* (like Plaintiff) also entirely overlooked *Gordon II* and *III*, without considering either of those key decisions. And although Plaintiff asks this Court to apply the four-year statute of limitations found in RCW 19.86.120, the Opposition omits the plain language of that provision, which confirms it does not apply to either of the claims in her Complaint.

The Opposition provides no reason to depart from the well-reasoned decisions in the *Gordon* trilogy, which confirm Plaintiff's claims are time-barred by the two-year statute of limitations in RCW 4.16.130. As such, the Court should grant Defendant's motion and dismiss the Complaint with prejudice.

DEFENDANT PROFUSION COSMETICS
CORP.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT - 1
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

## II.   **ARGUMENT**

### A.   **The Two-Year Limitations Period in RCW 4.16.130 Bars Plaintiff's CEMA Claim.**

*Gordon I*, *II*, and *III* confirm that the CEMA claim in Plaintiff's first cause of action is barred by a two-year statute of limitations. In *Gordon I*, the Court explained "CEMA does not contain a statute of limitations" of its own, so it is therefore subject to the catch-all provision in RCW 4.16.130. *Gordon II* confirmed that "the applicable statute of limitations" for CEMA claims is "the 'catch-all' statute of limitations provided for in RCW 4.16.130." 2011 WL 1565363, at *1. And in *Gordon III*, the Ninth Circuit squarely held—with no uncertainty—that a "claim under the Washington Commercial Electronic Mail Act" is "barred by the two-year catchall limitations period applicable to Washington state law claims that lack an enumerated limitations period." 465 F. App'x 731 (9th Cir. 2012).

Plaintiff almost entirely ignores these decisions, since she cannot deny that the Ninth Circuit has already resolved which statute of limitations applies to her Complaint. Instead, Plaintiff mischaracterizes *Latimer*, which did not reach *any* decision about the correct statute of limitations for CEMA claims. In *Latimer*, the Court considered whether it should exercise supplemental jurisdiction over a portion of that complaint after deciding it had original jurisdiction over the remaining claims. *Id*. at 1336. At oral argument, the Plaintiff argued that state courts should resolve "unsettled questions" about CEMA, and the Court observed (likely because of the inadequate briefing) that it was "not convinced" about which statute of limitations would apply. *Id*. But the *Latimer* court did not decide for itself which provision is correct, instead leaving that question for other courts to resolve. *Id*. at 1339. Just like Plaintiff's failure to address *Gordon II* or *III*, *Latimer* did not even *mention* those decisions, which would have resolved any questions the Court might have had about "the two-year catchall limitations period applicable to" claims "under the Washington Commercial Electronic Mail Act." *Gordon III*, 465 F. App'x 731.

In an attempt to avoid RCW 4.16.130, Plaintiff argues that "the Court must apply the longer of whichever statute of limitations may apply." Opp. at 4 (citing *ADCI Corp. v. Nguyen*, 16

DEFENDANT PROFUSION COSMETICS
CORP.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT - 2
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

Wn.App.2d 77, 79, 479 P.3d 1175 (2021)). But that doctrine applies only when a claim is subject to two conflicting provisions, creating "uncertainty as to which statute of limitation governs." *Id*. at 88.[1] Here, Plaintiff cannot identify any other statute of limitations governing her claims, which is only subject to the two-year period in RCW 4.16.130.

Although Plaintiff asks the Court to apply the four-year period in RCW 19.86.120, she does not provide the Court with the plain language of that provision, which confirms it does not apply to her claims. RCW 19.86.120 states that "[a]ny action to enforce ***a claim for damages under RCW 19.86.090*** shall be forever barred unless commenced within four years after the cause of action accrues." But that provision cannot apply to a standalone CEMA claim, which does not provide damages—only injunctive relief. *See Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1002 (W.D. Wash. 2019) ("Although CEMA does not provide a private right of action for damages, recipients of commercial e-mails containing false or misleading subject lines can sue for injunctive relief."); *see also Wright v. Lyft, Inc.*, 189 Wn.2d 718, 727 & n.3, 406 P.3d 1149 (2017) ("While an action for monetary damages is limited to phishing, we note that a plaintiff may bring an action to enjoin any CEMA violation."); *Gragg v. Orange Cab Co.*, 145 F. Supp. 3d 1046, 1052 (W.D. Wash. 2015) (When a claim involves emails, "plaintiff may bring a claim for injunctive relief under CEMA, but he may not recover damages under that statute"). In *Lyft*, the Court explained that the private right of action allowing CEMA claims about subject lines and text messages only allows plaintiffs to "bring a civil suit for injunctive relief." 189 Wn.2d at 727 (citing RCW 19.190.090(1)). Any request for statutory damages must therefore be asserted separately through a derivative CPA claim, which fails for the reasons discussed below.

However, because the four-year statute of limitations in RCW 19.86.120 only applies to "a claim for damages," it cannot apply to Plaintiff's standalone CEMA claim for injunctive relief in the first cause of action to her Complaint. *See* Compl. ¶ 85 (only asserting the right to "an

---

[1] Similarly, *Save Our Scenic Area v. Skamania Cnty.* is entirely irrelevant. 183 Wn.2d 455, 466, 352 P.3d 177 (2015). That case was about the deadlines to appeal various administrative decisions—not statutes of limitations like RCW 4.16.130. .

DEFENDANT PROFUSION COSMETICS
CORP.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT - 3
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

injunction against further violations").  Plaintiff cannot avoid the *Gordon* trilogy, which confirms that the two-year statute of limitations in RCW 4.16.130 is the ***only*** statute of limitations governing her standalone CEMA claim. As such, her first cause of action is time-barred and should be dismissed.

### B.    Plaintiff's Derivative CPA Claim is Equally Time-Barred.

Because Plaintiff's CEMA claim is untimely, her derivative CPA claim is equally time-barred and should be dismissed. Plaintiff's Complaint does not assert an independent, standalone CPA claim—instead, it alleges only that "[a] violation of CEMA is a *per se* violation of the CPA" and that "[a] violation of CEMA establishes all the elements necessary to bring a private action under the CPA." Compl. ¶¶ 86-95. However, this derivative CPA claim is untimely.

As explained in *Gordon I*, when a CPA claim is based on CEMA, it is limited to "statutory damages under the CEMA which do not require a showing of actual harm, but only a violation of that statute." 2011 WL 13228393, at *2. When a "[c]omplaint does not allege a CPA claim which is independent of [its] CEMA claim … the CPA claim is also time-barred." *Id.* at *2. In *Gordon II*, the Court confirmed it is impossible to assert a standalone CPA claim without alleging economic losses. 2011 WL 1565363, at *3. In *Gordon III*, the Ninth Circuit affirmed both these decisions and agreed the plaintiff's claims were untimely. 465 F. App'x 731. That makes sense, because the Ninth Circuit has long recognized that when the core relief for a claim is time-barred, a plaintiff cannot extend the statute of limitations by asserting derivative claims. *See, e.g., Fed. Election Comm'n v. Williams,* 104 F.3d 237, 240 (9th Cir. 1996) (holding that "because the claim for injunctive relief is connected to the claim for legal relief, the statute of limitations applies to both."). Nor could a derivative claim revive claims that have already expired.

Here, just as with their standalone CEMA claim, Plaintiffs are unable to identify any other statute of limitations governing a derivative CPA claim. Although Plaintiffs point to RCW 19.86.120, the plain language of that provision confirms it does not apply to Plaintiff's Complaint. As mentioned above, RCW 19.86.120 states that "[a]ny action to enforce ***a claim for damages***

DEFENDANT PROFUSION COSMETICS
CORP.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT - 4
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

*under RCW 19.86.090* shall be forever barred unless commenced within four years after the cause of action accrues." But the damages sought in Plaintiff's derivative CPA claim arise under CEMA provision RCW 19.190.040(1),[2] rather than CPA provision RCW 19.86.090. The latter provision, RCW 19.86.090, applies only to a standalone CPA claim for actual damages—not statutory damages under CEMA.  As stated in RCW 19.86.090:

> Any person who is *injured in his or her business or property* by a violation of RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050, or 19.86.060 … may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee. … PROVIDED FURTHER, That such person may bring a civil action in the district court *to recover his or her actual damages* … and the costs of the suit, including reasonable attorney's fees …

Here, Plaintiff admits she is only seeking statutory damages under RCW 19.190.040(1), since she did not incur actual damages of any kind. Thus, by their plain terms, neither the actual damages in RCW 19.86.090 nor the four-year statute of limitations in RCW 19.86.120 apply to Plaintiff's derivative CPA claim, which seeks *statutory* damages under CEMA.

As explained in *Gordon I*: "[i]n order to proceed on a free-standing CPA claim, Plaintiff must allege actual harm to his business or property in order to recover actual damages for such harm." 2011 WL 13228393, at *2. Similarly, *Gordon III* confirmed that a derivative CPA claim lacks "the essential damage element of a claim under the Washington Consumer Protection" Act. 465 F. App'x 731. Likewise, as the Washington Supreme Court recently confirmed, "[t]he term 'business or property' [in RCW 19.86.090] means injuries that are economic in nature." *Montes v. SPARC Grp. LLC*, 586 P.3d 999, 1005 (2026). Thus, the reference to "a claim for damages under RCW 19.86.090" found in RCW 19.86.120 only refers to a claim for *actual damages*, which the Complaint does not assert here.  As such, Plaintiff's derivative CPA claim for statutory damages under RCW 19.190.090 is not "a claim for damages under RCW 19.86.090" and does not fall

---

[2] That CEMA provision states: "Damages to the recipient of a commercial electronic mail message or a commercial electronic text message sent in violation of this chapter are five hundred dollars, or actual damages, whichever is greater." RCW 19.190.040(1).

| | |
|---|---|
| DEFENDANT PROFUSION COSMETICS CORP.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT - 5 No. 3:26-cv-5498 | DLA Piper LLP (US) 701 Fifth Avenue, Suite 6900 Seattle, WA 98104-7029 Tel: 206.839.4800 |

within the four-year statute of limitations in RCW 19.86.120. Neither the Opposition nor any of Plaintiff's authorities address the plain language of this provision, which does not allow Plaintiff to wait four years before filing a derivative CPA Claim.[3] Because Plaintiff's core claim is time-barred, her derivative claim is untimely as well.

Nor can Plaintiff avoid the statute of limitations by claiming she can recover regarding other, undisclosed emails that she did not receive or even identify in her Complaint. Opp. at 2. Under RCW 19.190.090(1), only "[a] person who is injured under this chapter" is entitled to assert claims for relief. Thus, CEMA and derivative CPA claims require the plaintiff to "identify which e-mails violate [CEMA] and how they run afoul of the provision." *Gordon v. Virtumundo*, 2006 WL 3873368, at *3 (W.D. Wash. Dec. 8, 2006), *aff'd*, 575 F.3d 1040 (9th Cir. 2009); *Quinstreet, Inc. v. Ferguson*, 2009 WL 168112, at *5 (W.D. Wash. Jan. 23, 2009) (plaintiffs must describe which "emails [they] allegedly received … and why they violate CEMA and CPA."). In this instance, the Complaint alleges Plaintiff only received 4 infringing emails, which were sent on December 24 and 26, 2023. Compl. ¶¶ 45–48. As a result, her claims are plainly untimely and should be dismissed. Plaintiff admits those are the only relevant emails she ever received, Opp. at 2, meaning that no amendment could state a viable claim, and dismissal should be with prejudice.

## III.    CONCLUSION

For these reasons and those discussed in the Motion, the Court should dismiss Plaintiff's Complaint. No amendment could alter the unavoidable impact of the statute of limitations, so the Court's dismissal should be with prejudice.

---

[3] For example, *Westcott v. Wells Fargo Bank, N.A.*, 862 F. Supp. 2d 1111 (W.D. Wash. 2012), and *Victor v. U.S. Bank,* 2016 WL 792420 (E.D. Wash. Feb. 29, 2016), involved standalone CPA claims, seeking actual damages, with no connection to CEMA. Likewise, *Dawson v. Porch.com*, 2024 WL 4765159, at *10 (W.D. Wash. Nov. 13, 2024), involved plaintiffs requesting leave to add a new claim for actual damages under the CPA.

DEFENDANT PROFUSION COSMETICS                                      DLA Piper LLP (US)
CORP.'S REPLY IN SUPPORT OF ITS                           701 Fifth Avenue, Suite 6900
MOTION TO DISMISS PLAINTIFF'S                                   Seattle, WA 98104-7029
COMPLAINT - 6                                                          Tel: 206.839.4800
No. 3:26-cv-5498

Dated: June 18, 2026

**DLA PIPER LLP (US)**

By: *s/ David Freeburg*
David Freeburg, WSBA No. 48935
Danielle Igbokwe, WSBA No. 62714
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Telephone:  206.839.4800
E-mail:  *David.Freeburg@us.dlapiper.com*
E-mail: *Danielle.Igbokwe@us.dlapiper.com*

*Attorneys for Defendant Profusion Cosmetics Corp.*

*\* I certify that this memorandum contains 2,234 words, in compliance with the Local Civil Rules.*

DEFENDANT PROFUSION COSMETICS
CORP.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT - 7
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the parties.

Dated this 18th day of June, 2026.

*s/ Kiersten Houst*
Kiersten Houst, Legal Executive Assistant

DEFENDANT PROFUSION COSMETICS
CORP.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT - 8
No. 3:26-cv-5498

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029
Tel: 206.839.4800